15-451-ag
*Cianbro Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
                  ROSEMARY S. POOLER,
                  GERARD E. LYNCH,
                            *Circuit Judges.*

---

CIANBRO CORP., TRAVELERS CASUALTY & SURETY
CO. OF AMERICA,

                            *Petitioners,*                    15-451-ag

                  v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR,

                            *Respondent.*[*]

---

**FOR PETITIONERS:**                    Zachary M. Delaney, Pomeranz, Drayton
                                                 & Stabnick, LLC, Glastonbury, CT.

**FOR RESPONDENT:**                    M. Patricia Smith, Solicitor of Labor, Rae
                                                 Ellen James, Associate Solicitor, Sean G.

---

[*] The Clerk of Court is directed to amend the caption as indicated above.

Bajkowski, Counsel for Appellate Litigation, Rebecca J. Fiebig, Attorney, U.S. Department of Labor, Washington, DC.

Petition for review of an order by the United States Department of Labor Benefits Review Board ("BRB").

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Cianbro Corporation ("Cianbro") and Travelers Casualty and Surety Company of America seek review of the December 16, 2014 order of the BRB affirming the order of the Administrative Law Judge ("ALJ"), which denied petitioners' motion for relief under section 8(f) of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 908(f). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The petition arises from a claim for disability benefits by Keith Dawley ("Dawley"), who suffered permanent lung impairment during his employment with Cianbro. After the ALJ granted Dawley benefits for a permanent partial disability, petitioners sought relief under section 8(f) of the Longshore Act, which enables employers to shift liability for certain disability benefits to the Longshore Special Fund.[1]

To obtain relief under section 8(f), an employer must show, *inter alia*, that the employee in question had a preexisting permanent partial disability, which made the employee's ultimate permanent partial disability "materially and substantially greater than that which would have resulted from the subsequent injury alone." 33 U.S.C. 908(f)(1); *see Dir., Office of Workers' Comp. Programs v. Gen. Dynamics Corp.*, 982 F.2d 790, 793 (2d Cir. 1992) (noting that employers bear the burden of showing entitlement to relief under section 8(f)). Although the parties agree that Dawley suffered from preexisting asthma, the ALJ found that petitioners failed to show that that condition "materially and substantially" contributed to Dawley's ultimate degree of disability.

"Our review is limited to whether the BRB made any errors of law and whether substantial evidence supports the ALJ's findings of fact." *Rainey v. Dir., Office of Workers' Comp.*, 517 F.3d 632,

---

[1] The Special Fund is administered by the Director, Office of Workers' Compensation Programs, and is funded in part by annual assessments on covered employers. *See Barscz v. Dir., Office of Workers' Comp. Programs*, 486 F.3d 744, 747 n.1 (2d Cir. 2007).

634 (2d Cir. 2008). "Substantial evidence is such evidence as a 'reasonable mind might accept as adequate to support a conclusion.'" *Serv. Emps. Int'l, Inc. v. Dir., Office of Workers Comp. Program*, 595 F.3d 447, 455 (2d Cir. 2010) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951)).

Petitioners argue that the ALJ "improperly disregarded" a letter from Dr. Paul Licata ("Licata"), Dawley's treating physician, opining that Dawley's "overall lung impairment following his work injury is materially and substantially greater than that which would have resulted from the work injury alone." Although petitioners describe Licata's letter as a "report," it amounts to a single sentence that echoes the relevant legal standard without offering reasons or citing evidence, and we cannot say that the ALJ erred in discounting its reliability.[2] *See Pietrunti v. Dir., Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." (internal quotation marks omitted)).

Petitioners have offered no other evidence to support their contention that Dawley's preexisting asthma rendered his ultimate disability "materially and substantially" worse than it otherwise would have been. The report of Dr. Michael Conway, the independent examiner, establishes only that Dawley had a preexisting disability that was aggravated by his occupational injury—a fact of great relevance in determining Dawley's entitlement to benefits under the Longshore Act, but of little use in establishing the extent to which Dawley's preexisting asthma contributed to his final condition. We therefore cannot conclude that the BRB erred in affirming the ALJ's finding that petitioners failed to demonstrate their eligibility for relief under section 8(f).

**CONCLUSION**

We have reviewed all of the arguments raised by petitioners on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In contrast, the report of Dr. Michael Conway, the independent examiner, fills three and a half single-spaced pages.

3